United States District Court
District of Connecticut

Claudious W. Channer

October 7, 2003

Petitioner

v.  Civil No. 3:01CV876 (SRU)

Immigration and Naturalization
Service, et al

Respondents.

Petitioner's Response To Respondent Answer

Now comes the above pro-se Alien who is presently under a final order of Removal, Respectfully move this Honorable Argument and testimony is requested

Court to deny the Respondent's erroneous arguments. The Respondent claims that the Petitioner did not challenge his final order of deportation but rather challenge his current detention.

Respondent tried to spin the facts but these facts cannot be spined. Respondent Response is full of contradiction. On the first page of Respondents opposition.

Respondent states the following: "Channer Filed a writ of Habeas Corpus asserting the following: (1) that the Immigration and Naturalization Service ("INS") was time barred in April, 1999 to initiate a deportation proceeding against the Petitioner

for his 1990 conviction for robbery and conspiracy to commit robbery; (2) that the I.N.S should have been precluded from commencing a deportation proceeding against the Petitioner after four years was elapsed from the Petitioner's 1990 conviction and final order, (3) that a civil statute of limitation governs contracts between the United States and its Alien Citizens and (4) that the I.N.S knew or should have known of the Petitioner's conviction as early as May 20, 1991 when the I.N.S lodged its first detainer."

The above recitation of the Petitioner's claims made clear that the Petitioner was not challenging his current detention

-3-

but rather challenging his Second Final order of removal. The Petitioner claims are that the Service Second Final order is in violation of the doctrine of Claim preclusion. See a copy of this Court decision in Channer v. Murray, docket no. 3:00CV23(SRU) attached hereto.

There this Court ruled that under the doctrine of Claim preclusion a party or their privies are precluded from litigating an issue that were or could have been raised in a prior action. See Allen v. McCurry, 449 U.S. 90, 94 (1980).

-4-

This Court is ask to take judicial notice of the Court Files and the I.N.S Files, Where the Petitioner was ordered remove in 1994. There the Service Choose to use one of Several Conviction on the Petitioner rap Sheet to ordered the Petitioner remove.

The Respondent Could have use all of the Petitioner prior Conviction to seek his removal but the Service Choose to use only one. Now that that one Conviction was vacated, The Service decided to pry into the Petitioner pass again and dig out another one of the Petitioner's Conviction and order him remove For the Second time.

-5-

The Service action is not only harming the Petitioner but also harming the Petitioner Seven Children who are all citizens of the United States. As we speak the Petitioner Children are living in a New York City homeless shelter.

Respondent contend that their detainer Should not prevent the Petitioner from being Release on parole. Respondent should have known by now that there are many Alien in the DOC who have made parole and the State allow them to discharge because of their I.NS detainer. Once you have an I.NS detainer in your file, you are not going any where.

Attached hereto is a copy of the Petitioner parole board order, voting the Petitioner to parole. When an Inmate is voted to parole. He is eligible for all kind of community release programs. However the Service detainer precludes any form of release.

The department of Corrections does not Honor the language on the detainer form. Once an Inmate has an I.N.S detainer he or she will not go below a level Three custody. This is a practice well beknown by the Service. Wherefore to suggest here that the I.N.S detainer does not stop the Petitioner being release is not in good faith.

Respondent was correct when she argued that if the State voted the Petitioner to parole. It in essence is conceeding that the Petitioner is rehabilitated and ready for society.

It would be inconsistent to accord the criteria of the parole board guideline any differently. While this issue was not address to this Court. The I.N.S detainer is the direct cause of Aliens being detained in level Three custody and unable acquire the same treatment as non Alien prisoners.

It is quite interested to see how the Service received a copy of the Petitioner's parole papers but did not receive a copy of the document which ordered the Petitioner to paroled.

-8-

Respondent was correct when she argued that if the State voted the Petitioner to parole. It in essence is conceeding that the Petitioner is rehabilitate and ready to enter into Society.

Respondent was also correct when she setforth the DOC guideline on paroling an Inmate. The DOC and the parole board all agree that the Petitioner fit those criteria to be parole. See attached the parole board order.

However, due to the I.n.s detainer the Petitioner will not be able to acquire any form of community release or out custody Clearance. Wherefore, to argue that the Service does not have Constructive Custody

of the Petitioner is outrageous and down right certain. Respondent attached a ruling by this Court to support his position that the Petitioner is not in custody as yet. Any ruling which is contrary to the Second Circuit ruling in Simmons will be reversed.

There are several Alien in this prison who received the same decision as the Petitioner did and they are appealing the Court decision. For the purpose of jurisdiction, the Petitioner believe that all of those ruling will be ~~then court~~ vacated because the Court did hold jurisdiction to entertain the Petitioner INS issues.

In addition, the Second Circuit Court of Appeal when the District Court about dismissing pro-se litigant complaint and sending case to their Court that is clearly a violation of the rules.

-10-

Now it's clear that this Court has subject matters jurisdiction to deal with the issue of Claim preclusion and the I.N.S. Repetitious Claims against the same Alien who has not committed a new offense.

For example, there are several Alien here who the I.N.S. included multiple convictions on their charging documents. In the instant case the Petitioner only included one conviction on the Petitioner order to show cause in 1994.

Subsequently, that conviction was vacated years later and the Service initiated a new charge which was available to the Service in 1994. The issue here is that the I.N.S. should be precluded from bringing this new charge that had existed in 1994.

Respondent find all kind of way to skip around the real issue by claiming all kind of unheard of defenses. It is clear from this Court order that the Court position was that it lack jurisdiction to entertain the Petitioner INS issues.

Not that the Court lack jurisdiction to entertain a State issue. There was no State issue to be heard. Respondent would like to make it a State issue now that they discovered that the Court does have jurisdiction to entertain the Petitioner preclusion claims. For these reasons stated herein, Petitioner ask that the Court judgment be vacated and the issue of claim preclusion be addressed.

Respectfully Submitted

Chudious W. Chumne
P.O. Box 100
Somers, Ct 06071

Certificate of Service

This is to certify that a true copy of the foregoing Motion was postage prepaid and delivered to prison authorities on this 7 day of October 2003 to be mailed to Assistant United States Attorney Brenda M. Green, at 157 Church Street, New Haven, CT 06510.

Respectfully Submitted

Claudious W. Channer
P.O. Box 100
Somers, CT 06071

# CONNECTICUT BOARD OF PAROLE
## Hearing Disposition Form

INMATE NAME: Channer, Clifton           NUMBER 151418
HEARING DATE & LOCATION: 9/9/03, Osborn Video   INMATE LOCATION: Osborn
PANEL: Neil, Booker                             HEARING OFFICER: JB

TYPE OF RELEASE:  **X** DISCRETIONARY  ___SPECIAL PAROLE  ___ESP  ___MEDICAL PAROLE

TYPE OF HEARING:  **X** FULL PANEL REVIEW  ___ADMINISTRATIVE REVIEW  ___CASE REVIEW
                  ___REVOCATION HEARING  ___RESCISSION HEARING  ___COURTESY HEARING

**THE BOARD TOOK THE FOLLOWING ACTION** (indicated by a check mark):

**X** PAROLED EFFECTIVE: 10/12/05          RESIDENCE: Interstate
     (ON OR AFTER)                                      (CITY/TOWN)

                                            Ct. to follow if detainer
                                            not effected.

Additional Conditions Required:
___Parole to the State of _____
**X** Parole to Detainer (specify) INS           ___Residential Treatment Program
___Contingent upon Continued Participation of    ___EMP (Electronic Monitoring Program)
   Program at _____                            ___No Driving
___Mental Health Treatment _____               **X** No Contact With victims
              (specify type)                     ___No Consumption of Alcoholic Beverages
___Mental Health Evaluation and Treatment as Deemed Necessary   ___Recommend DOC Residential Treatment Program
                                                 ___OTHER: _____

___DENIED; No new Parole Hearing (see below for reasons)
___DENIED; New Parole Hearing Date: _____ (see below for reasons)
___REVOKED; ___No New Parole hearing (___FORFEITURE OF S.G.T.: _____)
            ___New Parole Hearing Date: _____
            ___AND REPAROLED EFFECTIVE: _____ (see above for conditions)
___RESCINDED; ___No New Parole Hearing
              ___New Parole Hearing Date: _____
              ___AND REPAROLED EFFECTIVE: _____ (see above for conditions)
___REINSTATED
___ESP ELIGIBLE; Eligibility Date: _____  Hearing Date: _____
___SPECIAL PAROLE TO FOLLOW; Review Date: _____
___CONTINUED: _____

**DENIAL REASONS:** DUE TO THE FOLLOWING, THE PANEL HAS CONCLUDED THAT YOU DO NOT MEET THE STATUTORY CRITERIA FOR PAROLE (reasons indicated by a check mark):

___Nature and/or Circumstances of the Current Office    ___Injury and/or Impact to the Victim(s) or the Victim's Family
___Inadequate Institutional Program Participation        ___Poor Institutional Adjustment
___Criminal History                                      ___Deemed Inappropriate for Outpatient Sex Offender Treatment
___Poor performance while on (indicated by circle): Probation / Parole / Community Release
___Current Offense Committed while on (indicated by circle): Probation / Parole / Community Release
___OTHER (Additional Reasons for Denial; Panel Recommendations; or Reasons for a Continuance):

WHITE COPY - BOARD OF PAROLE          YELLOW COPY = D.O.C. RECORDS          PINK COPY - INMATE
Rev. 03/02

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
OAKDALE, LOUISIANA

FILE: A37-455-236

IN THE MATTER OF:

Channer CLAUDIUS

CHARGE: Section 241(a)(2)(C) of the Immigration and Nationality Act; at any time after entry, Conviction under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing or carrying in violation of any law, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of Title 18, United States Code).

Section 241(a)(2)(A)(iii) of the Immigration and Nationality Act; convicted of an aggravated felony.

APPLICATION: Motion to Reopen, Motion to Terminate proceedings.

| IN BEHALF OF RESPONDENT: | IN BEHALF OF SERVICE: |
|---|---|
| Claudius Channer | Robert K. Bingham |
| c/o Warden MacDougall | Special Counsel |
| FCI 1153 E. Street South | Immigration and Naturalization Service |
| Suffield, CT 06078 | 450 Main St. |
| | Hartford, CT 06103 |

## DECISION OF THE IMMIGRATION JUDGE

### I. FACTS OF THE CASE

The respondent is a native and citizen of Jamaica. On December 23, 1980, he entered the United States as an immigrant. On January 9, 1990, he was convicted in the United States District Court, District of Connecticut for the offense of Using and Carrying a Firearm during a Drug Trafficking Crime.

On May 20, 1991, the Service issued an Order to Show Cause (OSC), charging the respondent as deportable under INA section 241(a)(2)(C) -- Conviction under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing or carrying in violation of any law, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of Title 18, United States Code) and INA section 241(a)(2)(A)(iii)–Convicted of an aggravated felony.

**024**

On February 7, 1994, at a master calendar hearing held in Oakdale, Louisiana, the respondent denied guilt of the criminal offense alleged in the Order to Show Cause, however he admitted that he entered a plea of guilty. The respondent sought relief in the form of a INA sec. 212(c) waiver of deportation. The respondent was found ineligible to adjust his status. The respondent was found deportable. The respondent was ordered deported to Jamaica. On February 14, 1994, the respondent filed a notice to appeal. On February 28, 1994, the respondent filed a motion with the Immigration Judge requesting the withdrawal of his appeal. The respondent indicated that he wanted to be deported immediately. On March 3, 1994, the respondent's request was granted by the Immigration Judge.

On August 13, 1998, the Service filed a motion to reopen and terminate proceedings. The Service alleges that the conviction, which had been the basis for the deportation ground, has been vacated on appeal. Therefore, the Service argues, proceedings against the respondent must be terminated at the present time.

**II. Motion to Reopen**

- Motions to reopen removal proceedings are governed by 8 C.F.R. sections 3.23(b), 103.5 (1997). " A motion to reopen must be filed within ninety days of the date of entry of a final administrative order of removal, deportation or exclusion, or on or before July 31, 1996, whichever is later" 8 C.F.R. 3.23(b)(1). In most instances, for a motion to reopen to be granted, an alien must state new facts that she intends to establish, supported by affidavits or other evidentiary materials, and why these facts were not initially available. Id.

The respondent was ordered deported on February 7, 1994. The Immigration Judge's decision became final on March 3, 1994. The Service moved to reopen and terminate deportation proceedings on August 13, 1998. The Service's motion would appear to be untimely filed. However, the motion may still be granted. " An Immigration Judge may upon his or her own motion at any time, or upon motion of the Service or the alien, reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals." 8 C.F.R. section 3.23(b)(1).

In the present case, the Service claims, and has submitted evidence, that the respondent's conviction of the offense of carrying a firearm during a drug trafficking crime has been vacated on appeal. The respondent's conviction formed the basis upon which the deportation order had been issued. Whether the respondent may still be found to be deportable on other charges should be properly established at another hearing. Therefore, the respondent's motion shall be granted and deportation proceedings shall be reopened and terminated on my own motion, for proper adjudication of all claims.

Accordingly, the following order shall be entered:

See reverse for important information

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

**Request for Prompt Hearing**

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before:

_____      Date: _____
(Signature and Title of INS Officer)

---

**Certificate of Service**

This Notice to Appear was served on the respondent by me on __2-11-99__ (Date), in the following manner and in compliance with section 239(a)(1)(F) of the Act:

☑ in person     ☐ by certified mail, return receipt requested     ☐ by regular mail

☐ Attached is a list of organizations and attorneys which provide free legal services.

☐ The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____      _____
(Signature of Respondent if Personally Served)        (Signature and Title of Officer)

023

ORDER: IT IS HEREBY ORDERED THAT the Service's motion to Reopen and Terminate deportation proceedings be GRANTED.

Dated this 24th day of August, 1998.

Agnelis L. Reese
Immigration Judge