# United States District Court
# District of Connecticut

Claudious Chapman                November 20, 2003
Petitioner

      vs.      Civil No. 3:01CV876 (SRU)

Immigration and Naturalization
Service, et al
Respondents

## Motion Seeking To Add Arguments

=/=

"Argument is requested"

=/=

On November 12, 2003 the Second Circuit Court of Appeal ruled on the Petitioner Notice of Appeal and dismiss all of the Petitioner claims, with an order directing the Petitioner to renew his res-judicata argument.

The Petitioner res-judicata rest on the fact that the I.N.S first order of deportation in 1994 was vacated in August of 1998. A year later the INS initiate a new order of deportation and order the

Petitioner remove for a Second time, on a conviction that the I.R.S knew about as early as 1991 or should have known about as early as 1991. Respondent knew or should have know about the Petitioner 1990 conviction which is now the subject of the IRS Successive order of removal. (In the Petitioner case Chairman v. Paul E. Murraf, et al. docket no. 3:00 CV 230 (SRU). This count ruled on September 18, 2002 that under Federal law

-3-

the doctrine of res-judicata, or claim preclusion, provides that [a] Final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in their 1994 removal proceedings. see Mahoney v. Bank America Corp. 128 F.3d 94, 97 (2nd Cir. 1997), quoting federated Dept's Store Inc v. Moitie, 452 U.S. 394, 398 (1981).

-4-

This Court went on to say, "Res-judicata therefore bars the subsequent litigation of any claims arising from the transaction or series of transactions that was the subject of the prior suit. See Interoceanica Corp. v. Sound Pilots Inc. 107 F3d 86, 90 (2nd. Cir. 1997).

Before this Court is the I.N.S prior Action, ordering the deportation of the Petitioner in 1994 and subsequently in 1999.

-5-

The Subsequent Changes were available to the Service in 1994 but the Service Chooses not to Encluded them in their order to show Cause. A judgment is final not only as to every matter which was offered to sustain the Claim but also as to any other admissible matter which might have been offered for that purpose, quoting DeMillo & Co. v. Commissioner of Motor Vehicle. 233 Conn. at 281, 292 (1995)

The Respondents Successive Removal order on State Conviction which was available to the Service in 1994 is

vindictive and overburdensome on an Alien who has nine Children, Seven of whom are born Americans. These Successive proceedings have stressed the Petitioner and his Children.

Petitioner has been living in America since 1980. without any threats to the Government or the Citizens of his Community. Petitioner has been voted to parole but due to the I.N.S hold he is denied level two custody, half way house custody and other privilege as Inmates similar situated. (in the Respondent October 3, 2003 Response to Petitioner

-7-

Motion to Vacate. The Respondent conceeded that Simmond case applied to the Petitioner case. on page four of the Respondent Respose. The Respondent state the following "If Chanren sought to raise a challenge to his final order of Removal, under Simmonds, there would exist "technical custody" for purposes of Habeas Jurisdiction even though the INS had not issumed physical custody. According to the Second Circuit Court of Appeals November 12, 2003 ruling the Petitioner res-judicata issue should go forward. See Simmonds 326 F3d. 351 (2nd Cir. 2003).

-8-

Based upon the arguments of the above arguments and facts, Petitioner respectfully ask this Honourable Court to review the res-judicata claims and grant the Petitioner's request to terminate the Service Successive deportation order.

Respectfully Submitted

Claudious W. Channer
P.O. Box 100
Somers, Ct. 06071
#151418

-9-

## Order

The foregoing Motion having been heard, it is hereby ordered: Granted/Denied

By The Court

_____ J.

## Certificate of Service

This is to certify that a true copy of the foregoing Motion was given to prison officials to mail to Assistant United States Attorney Brenda M. Green 157 Church Street, New Haven, CT 06510 on this 21 day of November 2003.

Respectfully Submitted

*[signature]*

Claudious W. Channer
P.O. Box 100
Somers, CT 06071