United States District Court **FILED**
2003 DEC -2 P 5:02
District of Connecticut

Claudious W. Channen
Petitioner                              November 26, 2003

V.        Civil No. 3:01CV876 (SRU)

Immigration and Naturalization Service et al.

Respondent

Motion Seeking to Add documents
Attached hereto is a copy of the
Second Circuit Court ruling on the
Petitioner appeal and this Courts order in

Chairman v. Murray, docket no. 3:00CV 230 (SRU). There this Court ruled on a res judicata issue and stated that the Petitioner should have raised all of his issues against the Police Officers in 1992.

This Court ruled that Claim preclusion provides that a finds judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised. The Service theory is that the Petitioner successive finds order is the result of two different conviction from two separate Jurisdiction. see BIA ruling dated November 8, 1999.

The Petitioner is in possession of several cases where the I.N.S used several charges from the Respondents Rap sheet to order him remove. Here the Service failed to include the Petitioner 1991 Robbery Conviction in its order to show cause.

Now the Service seek to use the Petitioner conviction after they lose their first attempts to order the Petitioner remove.

The Petitioner is presently in prison on Robbery charge in which the victims committed perjury and falsely identified the Petitioner. The victims confessed to their false testimony and their misidentification of the Petitioner.

The State is refusing to release the Petitioner on the basis of the victims confession and false testimony.

The Petitioner has been imprisoned for fifteen years at this juncture. A delay on the Petitioner res-judicata issue will cause the Petitioner to spend extra time in prison beyond his parole date.

The Petitioner would not like to find himself spending months in prison after his release date. Fifteen years is enough time for one life time in prison. The Appellate Court leave it up to the District Court as to when to address the Petitioner res-judicata issue.

-4-

In light of the Simmonds decision, This Court be able to entertain the Petitioner res-judicata issue. Furthermore, its clear that the Service procured a previous proceeding against the Petitioner for removal in 1994 but intentionally failed to included the Petitioner 1991 conviction which is the subject of a subsequent suit by the Service.

For these reasons the Petitioner ask this Court to grant his writ and order the Service to terminate its removal proceedings.

Respectfully Submitted

/s/ Claudious W. Channer

Claudious W. Channer
P.O. Box 100
Somers, Ct 06071

D. Conn.(nhc t)
01-CV-876
Underhill, J.

# United States Court of Appeals
## FOR THE
## SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse at Foley Square, in the City of New York, on the 12th day of November two thousand and three,

Present:
    Hon. Pierre N. Leval,
    Hon. José A. Cabranes,
        *Circuit Judges*,
    Hon. Nicholas G. Garaufis,*
        *District Judge.*

---

Claudious Channer,

        Petitioner-Appellant,

v.                                                                    03-2383

Immigration and Naturalization Service,
Leslie E. Brooks, Warden,

        Respondents-Appellees.

---

Appellant, *pro se*, moves for *in forma pauperis* status and appointment of counsel. Upon due consideration, it is ORDERED that the motions are denied and the appeal as to Appellant's statute of limitations claim against the Immigration and Naturalization Service and Appellant's claims against Appellee Warden Brooks is dismissed with prejudice because the claims lack an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); 28 U.S.C. § 1915(e). It is further ORDERED that Appellant's appeal as to his *res judicata* claim against the Immigration and Naturalization Service is dismissed without prejudice to the filing of a new petition when the claim is ripe for judicial review. *See Simmonds v. Immigration and Naturalization Service*, 326 F.3d 351 (2d Cir. 2003).

        FOR THE COURT:
        Roseann MacKechnie, Clerk

        By: *Lucille Carr*

NOV 1 2 2003

---

*Hon. Nicholas G. Garaufis of the U.S. District Court for the Eastern District of New York sitting by designation.

SAO CAD

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CLAUDIOUS CHANNER :
:                              PRISONER
v. :                          Case No. 3:00cv230 (SRU)(WIG)
:
PAUL MURRAY, et al.[1] :

RULING ON MOTION TO DISMISS

The plaintiff, Claudious W. Channer ("Channer"), filed this civil rights action pro se pursuant to 28 U.S.C. §§ 1331, 1343, 1495, 2201, 2513 and 42 U.S.C. §§ 1983 and 1985. He alleges defendants City of Hartford, ATF Agent James Markowski ("Markowski"), Detective Michael Perodeau ("Perodeau"), Detective Gregory Merritt ("Merritt"), Detective Wolf ("Wolf"), Detective Ellis ("Ellis") and Sergeant Cagarnello ("Cagarnello") used excessive force in arresting him in 1989 in violation of 42 U.S.C. § 1983, discriminated against him on the basis of his race during the arrest in violation of 42 U.S.C. § 1985 and fraudulently concealed a 1994 decision of the United States Court of Appeals for the Second Circuit in Lounsbury v. Jeffries, 25 F.3d 131 (2d Cir. 1994), in violation of Connecticut General Statutes § 52-595. He also alleges that defendants City of Hartford, Connecticut Attorney General Richard Blumenthal and United States Attorney General Janet Reno falsely arrested and imprisoned him on federal criminal charges in

---

[1] The amended complaint filed by the plaintiff lists Attorney General for the State of Connecticut, Richard Blumenthal, United States Attorney General Janet Reno, the City of Hartford, ATF Agent James Markowski, Sergeant Cagarnello and Detectives Michael Perodeau, Gergory Merritt, Wolf and Ellis as defendants. Paul Murray is not named as a defendant in the amended complaint. Thus, any claims against him have been abandoned.

1989 and 1990 in violation of 28 U.S.C. §§ 2513 and 1495, 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971). Pending is a motion to dismiss filed by defendants City of Hartford and Merritt. For the reasons that follow, the motion to dismiss is granted.

## Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Thomas v. City of New York</u>, 143 F.3d 31, 37 (2d Cir. 1998). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See <u>Tarshis v. Riese Org.</u>, 211 F.3d 30, 35 (2d Cir. 2000); <u>Cooper v. Parsky</u>, 140 F.3d 433, 440 (2d Cir. 1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." <u>Branham v. Meachum</u>, 77 F.3d 626, 628 (2d Cir. 1996) (quoting <u>Grant v. Wallingford Bd. of Educ.</u>, 69 F.3d 669, 673 (2d Cir. 1995)) (internal quotations omitted). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." <u>Samuels v. Air Transport Local 504</u>, 992 F.2d 12, 15 (2d Cir. 1993). In reviewing this motion, the court is mindful that the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." <u>Gomes v. Avco Corp.</u>, 964 F.2d 1330, 1335 (2d Cir. 1992).

Facts[2]

On or about March 2, 1989, Markowski, Perodeau, Merritt, Wolf, Ellis, Cagarnello and the City of Hartford used excessive force in arresting Channer. Channer filed a lawsuit, <u>Channer v. Markowski, et al.</u>, Case no. 2:92cv17 (PCD), in January 1992 against these same defendants, alleging that they used excessive force against him during his arrest in March 1989. On August 24, 1992, Magistrate Judge Arthur H. Latimer issued a recommended ruling granting the defendants' motion for summary judgment on statute of limitations grounds and denying the plaintiff's motion for summary judgment. The Magistrate Judge concluded that the two-year statute of limitations in Connecticut General Statutes § 52-584 applied to the plaintiff's section 1983 claims. The ruling specifically informed the parties that any objections to the recommended ruling must be filed within ten days of the date of the ruling. On September 14, 1992, United States District Judge Peter C. Dorsey affirmed and adopted the recommended ruling absent objection. Judgment entered for Markowski, Perodeau, Merritt, Wolf, Ellis, Cagarnello and the City of Hartford on September 28, 1992. On September 30, 1992, Channer filed a motion objecting to the Magistrate Judge's ruling. On October 7, 1992, the court construed the motion as a motion for reconsideration and denied it in a margin endorsement.

Channer subsequently appealed the ruling on the motions for summary judgment. On May 11, 1993, the United States Court of Appeals for the Second Circuit issued a mandate dismissing the appeal on the ground that Channer had waived his right to appeal because he failed to timely object to the Magistrate Judge's ruling. On October 4, 1993, the United States Supreme Court

---

[2] The facts are taken from the amended complaint. In addition, the court takes judicial notice of pleadings, rulings and orders filed in other cases commenced by the plaintiff in this court and on appeal to the United States Court of Appeals for the Second Circuit.

denied Channer's petition for writ of certiorari. See Channer v. Markowski, 510 U.S. 892 (1993). On March 17, 2000, Channer filed a motion to reopen the case based on the decision of the United States Court of Appeals for the Second Circuit in Lounsbury v. Jeffries, 25 F.3d 131 (2d Cir. 1994). On July 20, 2000, the court denied the motion. Channer now seeks to reopen and reinstate his excessive force case against Markowski, Perodeau, Merritt, Wolf, Ellis, Cagarnello and the City of Hartford because the district court applied the wrong statute of limitations when it dismissed his 1992 lawsuit. Channer seeks monetary damages from all of the defendants.

## Discussion

The City of Hartford and Merritt have filed a motion to dismiss this case on the ground that Channer's claims of excessive force are barred by the doctrine of res judicata. The court considers this argument below.

Federal law determines the preclusive effect of federal court judgments. See PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 896 n.1 (2d Cir.), cert. denied, 464 U.S. 936 (1983). Under "federal law, the doctrine of res judicata, or claim preclusion, provides that '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). Res judicata therefore bars the subsequent litigation of any claims arising from the transaction or series of transactions that was the subject of the prior suit. See Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 90 (2d Cir. 1997). The burden is on the party seeking to invoke res judicata to prove that the doctrine bars the second action. See Thomas v. New York City, 814 F. Supp.

4

1139, 1148 (E.D.N.Y. 1993).

The City of Hartford and Merritt contend that the court's granting of their motion for summary judgment in the 1992 case on the ground that the claims in the amended complaint were barred by the statute of limitations is a decision on the merits that bars this action based on the same claims against the same defendants. Channer does not dispute this argument.

"The longstanding rule in this Circuit . . . is that a dismissal for failure to comply with the statute of limitations will operate as an adjudication on the merits, unless it is specifically stated to be without prejudice." PRC Harris, Inc., 700 F.2d at 896 (citing Sack v. Low, 478 F.2d 360 (2d Cir. 1973); Bertha Building Corp. v. National Theatres Corp., 248 F.2d 833, 840 (2d Cir. 1957); Wachovia Bank & Trust Co. N.A. v. Randell, 485 F. Supp. 39 (S.D.N.Y. 1979); Murphy v. A/S Sobral, 187 F. Supp. 163 (S.D.N.Y. 1960)). Here, the ruling granting the motion for summary judgment on statute of limitations grounds did not specifically state that it was without prejudice. Thus, the dismissal operates as an adjudication on the merits. See Cocco v. Preferred Mutual Ins., Civ. No. B-89-647 (WWE), 1990 WL 253070 (D. Conn. Nov. 28, 1990) (holding that plaintiff's claims were barred by res judicata because essentially identical lawsuit filed in the same court had been previously dismissed on statute of limitations grounds). The fact that the Court of Appeals for the Second Circuit determined, in a decision issued after the district courts' decision in Channer's 1992 case, that a longer statute of limitations period applied to section 1983 actions does not make the doctrine of res judicata inapplicable. See Federated Dep't Stores, 452 U.S. at 398 ("an 'erroneous conclusion' reached by the court in the first suit does not deprive defendants in the second action 'of their right to rely upon a plea of res judicata. . . . A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can

5

be corrected only by a direct review and not by bringing another action upon the same cause [of action].'") (quoting Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 325 (1927)); Precision Air Parts v. Avco Corp., 736 F.2d 1499, 1503 (11th Cir. 1984) ("general rule . . . throughout the nation, is that changes in the law after a final judgment do not prevent the application of res judicata and collateral estoppel, even though the grounds on which the decision was based are subsequently overruled") (citing cases), cert. denied, 469 U.S. 1191 (1985); Friarton Estates Corp. v. City of New York, 681 F.2d 150, 158 (2d Cir. 1982) ("[r]es judicata protects wrong decisions as fully as right ones. It is immaterial that the questions were constitutional in character, . . . or that they are now asserted in an action under 42 U.S.C. § 1983."). Accordingly, the City of Hartford and Merritt's motion to dismiss on the ground of res judicata is granted.

The court notes that Channer's amended complaint contains a claim that the City of Hartford, Markowski, Perodeau, Merritt, Wolf, Ellis and Cagarnello violated his rights under 42 U.S.C. § 1985 when they discriminated against him on the basis of his race during their use of excessive force against him in March 1989. Because Channer's discrimination claim could have been brought in the 1992 action, it is also dismissed as barred by res judicata. See Interoceanica Corp., 107 F.3d at 90 (doctrine of res judicata barred the plaintiff from litigating issues that could have been presented in prior case involving "the same parties or their privies and the same claims as the litigation currently before th[e] [c]ourt"); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) ("the doctrine of res judicata, or claim preclusion, provides that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'") (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).

The claims of excessive force and racial discrimination are also dismissed as to defendants

6

Perodeau, Wolf, Ellis, Cagarnello and Markowski as barred by res judicata. See 28 U.S.C. § 1915(e)(2)(B) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."); Carr v. Dvorin, 171 F.3d 115 (2d Cir. 1999) (28 U.S.C. § 1915 (e)(2)(B) applies both where the inmate has paid the filing fee and where he is proceeding in forma pauperis) (per curiam); Arizona v. California, 530 U.S. 392 (2000) (noting that although res judicata was not specifically raised, a court may dismiss claim sua sponte when it is on notice that it has previously decided the issue presented).

In response to the motion to dismiss, Channer argues that in another case filed by him against the Clerk of this Court concerning the mailing of the recommended ruling issued in the 1992 case, the Judge assigned to that case should have treated the case as an attempt to reopen the 1992 case pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. The court liberally construes Channer's argument as a request to construe this lawsuit as seeking to reopen the 1992 case by means of an independent action, pursuant to Rule 60(b)(6).

Rule 60(b) provides:

> the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation or other misconduct of an adverse party ; (4) the judgment is void; (5) the judgment had been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application ; or (6) any other reason justifying release from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered

7

> or taken. . . . any relief from a judgment shall be by motion as
> prescribed in these rules or by an independent action.

Fed. R. Civ. P. 60(b). The power to rescind or alter a final judgment given to the court under Rule 60(b) is an extraordinary power that should only be invoked in extraordinary circumstances. Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Indeed, the court will grant relief pursuant to Rule 60(b) only when the judgment might work an extreme and undue hardship, Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir. 1986), cert. denied, 480 U.S. 908 (1987), because the court must balance the competing interests of serving the interests of justice and the finality of judgments. Kotlicky v. United States Fidelity & Guaranty Co., 817 F.2d 6, 9 (2d Cir. 1987); Nemaizer, 793 F.2d at 61.

The "savings clause" of Rule 60(b) provides that "[t]his rule does not limit the power of the court to entertain an independent action to relieve a party from a judgment, order or proceeding, . . . or to set aside a judgment for fraud upon the court." Fed. R. Civ. P. 60(b). The advisory committee notes to Rule 60(b) state that:

> [i]f the right to make a motion is lost by the expiration of the time
> limits fixed in these rules, the only other procedural remedy is by a
> new or independent action to set aside a judgment upon those
> principles which have heretofore been applied in such an action.
> Where the independent action is resorted to, the limitations of time
> are those of laches or statutes of limitations.

Fed. R. Civ. P. 60(b) advisory committee note. Thus, there is no set time limit for filing an independent action under Rule 60(b)(6), although it may be barred by laches or statutes of limitations. "The court exercised discretion in determining whether to entertain independent actions for relief and looks to traditional equitable principles to guide its decision. Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 661 (2d Cir. 1997) (citations omitted). A

8

party seeking relief through an independent action must: (1) "show that [it] has no other available or adequate remedy; (2) demonstrate that movants' own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground – such as fraud, accident or mistake– for the equitable relief." Id. at 662 (citations omitted).

The Supreme Court has held that "an independent action should be available only to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998). The Court noted that "if Rule 60(b) is to be interpreted as a coherent whole," independent actions must "be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand departure' from rigid adherence to the doctrine of res judicata." Id. at 46 (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944)). Here, Channer's allegations do not meet the demanding standards set forth in Beggerly and Campaniello.

Channer states that he was on notice as of April 17, 1996, when Judge Covello issued a ruling and order dismissing a complaint he filed against Chief Clerk Kevin Rowe, that the Court of Appeals for the Second Circuit had held in Lounsbury that the statute of limitations for civil rights actions was three years. Research has revealed that Channer was in fact on notice of the Lounsbury decision earlier than April 1996. In another case filed by Channer against defendants Markowski, Perodeau, Merritt, Wolf, Ellis, Cagarillo and the City of Hartford, Case no. 3:95cv2292 (AWT), Judge Thompson dismissed the complaint without prejudice on statute of limitations grounds. The ruling cites Lounsbury and is file-stamped on October 23, 1995. On February 22, 1996, Channer appealed that decision to the Second Circuit. On August 28, 1996, the Second Circuit issued a mandate dismissing the appeal as "so indisputably lacking in merit as

9

to be frivolous within the meaning of 28 U.S.C. 1915(e)." Channer v. Markowski, No. 96-2209 (2d Cir. Aug. 28, 1996).

Channer, however, did not move to reopen the 1992 case until March 2000. He fails to explain why he did not attempt to reopen the 1992 case at any time during the nearly five years after he learned of the Lounsbury decision.[3] When a plaintiff fails to file a motion for relief from order or judgment in the case in which the order or judgment in question was entered, a plaintiff may not bring an independent action seeking the same relief. Campaniello, 117 F.3d at 661-63 (holding that appellants could not seek relief through an independent action when they failed to "take advantage of the adequate remedy at law offered by Rule 60(b)[]"); Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 71 (2d Cir. 1990) ("[I]t is fundamental that equity will not grant relief if the complaining party 'has, or by exercising proper diligence would have had, an adequate remedy at law, or by proceedings in the original action . . . to open, vacate, modify or otherwise obtain relief against, the judgment.'") (quoting Winfield Assoc., Inc. v. W.L. Stonecipher, 429 F.2d 1087, 1090 (10th Cir. 1970)). Because Channer failed to seek reopening of the 1992 case pursuant to Rule 60(b) within a reasonable time after judgment entered and he learned of the Lounsbury decision, Channer may not now seek to reopen the 1992 case through an independent action.

Having dismissed all federal claims against Merritt, Perodeau, Wolf, Ellis, Markowski and

---

[3] In his response to the motion to dismiss, the plaintiff cites Rule 60(b)(5) and (6) as the basis for reopening the 1992 case. As stated above, Rule 60(b) provides that motions to reopen filed pursuant to subsections (4), (5) and (6) must be filed within a reasonable time after the entry of judgment. Thus, Rule 60(b) did not preclude the plaintiff from filing a motion to reopen the 1992 case pursuant to subsections(5) and/or (6) in October 1995, when he became aware of the Lounsbury decision.

10

Cagarnello, the court declines to exercise supplemental jurisdiction over the plaintiff's state law claim that defendants Merritt, Perodeau, Wolf, Ellis, Cagarnello and Markowski violated Connecticut General Statutes § 52-595 by allegedly concealing the fact that in <u>Lounsbury</u> the United States Court of Appeals for the Second Circuit had decided the issue of the applicable statute of limitations in section 1983 claims. <u>See</u> 28 U.S.C. § 1367(c)(3); <u>Carnegie- Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims"); <u>Pitchell v. Callan</u>, 13 F.3d 545, 549 (2d Cir. 1994) (district court did not abuse its discretion by declining to exercise supplemental jurisdiction over state law claims where all federal claims had been dismissed shortly before trial); <u>Spear v. Town of West Hartford</u>, 771 F. Supp. 521, 530 (D. Conn. 1991) ("absent unusual circumstances, the court would abuse its discretion were it to retain jurisdiction of the pendant state law claims on the basis of a federal question claim already disposed of"), <u>aff'd</u>, 954 F.2d 63 (2d Cir.), <u>cert. denied</u>, 506 U.S. 819 (1992).

## Conclusion

The City of Hartford and Meritt's Motion to Dismiss **[doc. #31]** is **GRANTED** on the ground that the Channer's claims of excessive force and racial discrimination are barred by the doctrine of res judicata. Because the court has dismissed all claims against defendant Perodeau, the plaintiff's Motion for Default Judgment [doc. # 45] against defendant Perodeau is DENIED as moot.

The claims for false imprisonment/false arrest under 28 U.S.C. §§ 2513 and 1495, 42

11

U.S.C. § 1983 and <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971), remain pending against defendants United States Attorney General Reno, City of Hartford and State of Connecticut Attorney General Blumenthal. The claim of fraudulent concealment pursuant to Connecticut General Statutes § 52-595 remains pending against the City of Hartford.

**SO ORDERED.**

Entered in Bridgeport, Connecticut, this ___ day of September 2002.

                                                              Stefan R. Underhill
                                                              United States District Judge

SEP 2 3 2002