UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLAUDIOUS CHANNER | : | Civil No. 3:01CV876 (SRU) |
| Petitioner, | : | |
| V. | : | |
| IMMIGRATION AND NATURALIZATION and LESLIE E. BROOKS, Warden, | : | February 20, 2004 |
| Respondents. | : | |

**DEFENDANT, IMMIGRATION AND NATURALIZATION AND
LESLIE BROOKS' OPPOSITION TO MOTION TO RENEW
<u>PETITIONER'S MOTION TO REPOPEN OR VACATE</u>**

The Respondents, Immigration and Naturalization Service ("INS") and Leslie E. Brooks ("respondents") through undersigned counsel hereby respond to the petitioner's Motion Seeking to Renew Petitioner's Motion to Vacate Judgment dated January 27, 2004. For the reasons stated <u>infra</u>, as well as those discussed in the Respondent's, Opposition to Petitioner's Motion to Vacate, which is hereby incorporated by reference, this motion must be denied.

**I.  BACKGROUND**

Petitioner, Claudious Channer ("Channer"),  is a Jamaican citizen subject to a final order of removal based on his conviction in 1990 by using and carrying a firearm during a drug trafficking crime.  On May 15, 2001, Channer filed a Writ of Habeas Corpus asserting the following: (1) that the Immigration and Naturalization Service ("INS") was time barred in April, 1999 to initiate a deportation proceeding against the Petitioner for his 1990 conviction for robbery and conspiracy to commit robbery; (2) that

the INS should have been precluded from commencing a deportation proceeding against the Petitioner after four years was elapsed from the petitioner's 1990 conviction and final order; (3) that a civil statute of limitations governs contracts between the United States and its Alien citizens and; (4) that the INS knew or should have known of the Petitioner's conviction as early as May 20, 1991 when the INS lodged its first detainer on the Petitioner for using and carrying a firearm which was subsequently vacated  from deporting his and/or refused to consider his request for discretionary relief from removal.  The respondents asserted, in their opposition brief, that INS correctly concluded that Channer is not eligible for discretionary relief under Section 212(h) of the Immigration and Naturalization Act ("IWA") because he was convicted of an aggravated felony.  They further argued that there is no statute of limitations for petitioner's deportation proceedings, nor any contractual relationship between the United States and its alien citizen.

  On March 25, 2003, this Court dismissed the petitioner's request for Writ of Habeas Corpus insofar as it related to the INS on the ground that "[t]here is nothing in the record to suggest that the state relinquished its rights over Channer when it delivered him to the INS for deportation proceedings.  Moreover, it is well settled that the state does not relinquish primary jurisdiction over a prisoner when it temporarily transfers the prisoner to federal authorities for federal proceedings." (Ruling on Petition for Writ of Habeas Corpus at 4) (citations omitted).

  The petitioner sought reconsideration of the ruling, which, on May 21, 2003,  was denied on the grounds that:

> [w]hether or not Channer should be given credit by the state for the time he spent in INS custody is a question of state law and thus does not implicate Channer's rights under the Constitution or federal law. Accordingly, Channer's dispute concerning the calculation of his release date from state custody is not the proper subject of a petition for writ of habeas corpus . . . .

Ruling on Motion for Reconsideration at 1-2.

On June 12, 2003, the petitioner filed a Notice of Appeal with the United States Court of Appeals for the Second Circuit ("Second Circuit"). After filing the Notice of Appeal, on August 20, 2003, the petitioner filed a Motion Seeking to Vacate Judgment with this Court. On November 12, 2003, the United States Court of Appeals for the Second Circuit dismissed the claims against Warden Brooks with prejudice and dismissed the res judicata claim against the INS without prejudice. On December 18, 2003, this Court denied the Petitioner's Motion Seeking to Vacate this Court's March 25, 2003 Judgment ("INS").[1]

## II. ARGUMENT

### A. Because The Second Circuit Has Ruled on the Issues Presented by the Petitioner Those Issues Presented in the Motion to Vacate and Reopen are Moot

As discussed, supra, the Petitioner appealed this Court's decision of March 25, 2003. On November 12, 2003, the Second Circuit, ruled that "the appeal as to Appellant's claim against Appellee Warden Brooks is dismissed with prejudice because the claims lack an arguable basis in fact or law.... Appellant's appeal as to his res

---

[1] This Court held that it lacked jurisdiction over the claim to vacate the March 25th ruling due to the pendency of the Petitioner's appeal. However, the Second Circuit concurred in the dismissal in a November 12, 2003 ruling. (See Opinion, Exhibit A attached hereto)

3

judicata claim against the Immigration and Naturalization Service is dismissed without prejudice to the filing of a new petition when the claim is ripe for judicial review." (See Opinion, Exhibit A attached hereto, citations omitted). As such, the Petitioner's request for a "vacation of this Court's order" is moot.

As the Petitioner correctly notes in his Motion to Reopen and Vacate "the Petitioner'[s] [sic] appeal was dismissed on November 12, 2004 and no appeal was taken thereafter." (Motion to Reopen and Vacate at 3.) Because the Second Circuit has entered a final order, the Court has no jurisdiction to reopen and vacate its prior order which has already been decided by the Court of Appeals. Any and all of the new issues presented in the Petitioner's Motion are not ripe for review by this Court. Moreover, the ruling in Simmonds would not be grounds to vacate this Court's dismissal of the habeas petition.

### B. The Ruling in Simmonds Does Not Grant the Court Jurisdiction to Rule on The Writ of Habeas Corpus

The petitioner, in his Motion Seeking to Renew Petitioner's Motion to Reopen and Vacate, the petitioner again contends that the ruling in Simmonds would provide grounds to vacate this Court's March 25, 2004 dismissal. (Motion Seeking to Renew Motion to Reopen and Vacate at 2-3). However, this argument is without merit.

As discussed in Respondent's Opposition to Petitioner's Motion to Vacate, in Simmonds, the Second Circuit held that the INS has custody once there is a final order of removal and there is a challenge to that order, petitioner is deemed to be "in custody" for purposes of habeas jurisdiction. Simmonds, 326 F.3d 351, 354. Here,

4

however, Channer does not seek to challenge the final order of removal but rather his current detention by the State of Connecticut. This distinction is critical. If Channer sought to raise a challenge to his final order of removal, under Simmonds, there would exist "technical custody" for purposes of habeas jurisdiction even though the INS had not assumed physical custody. That is because in such a case, petitioner seeks to raise a challenge to his subsequent custody by the INS which custody would be required by virtue of the final order of removal. In this case, however, Channer's challenge is to his current detention not the validity of subsequent custody by the INS based on the final order of removal. In fact, Channer does not contest that the final order subjects him to eventual deportation. (See complete discussion of Simmonds in Respondents' Opposition to Petitioner's Motion to Vacate).

 Further, as discussed supra, the Second Circuit has already held that the petitioner can file a new petition when the claim is ripe for judicial review, in accordance with the holding in Simmonds. Because the petitioner is not in INS custody, but instead remains in the custody of the State of Connecticut, his claim is not "ripe for judicial review."

### III.  CONCLUSION

      For the reasons stated above, Channer's Motion to Vacate and Reopen should be denied.

                            Respectfully submitted,

                            KEVIN J. O'CONNOR
                            UNITED STATES ATTORNEY

                            BRENDA M. GREEN
                            ASSISTANT UNITED STATES ATTORNEY
                            FEDERAL BAR NO. CT19538
                            UNITED STATES ATTORNEY'S OFFICE
                            915 LAFAYETTE BOULEVARD, ROOM 309
                            BRIDGEPORT, CT 06604
                            (203) 696-3000 (telephone)
                            (203) 579-5575 (facsimile)
                            Brenda.Green@usdoj.gov

## **CERTIFICATION**

 This is to certify that a copy of the within and foregoing has been mailed this day of February, 2004 to:

Claudious Channer
CCI-Somers
P.O. Box 100
Somers, CT 06071

                _____
                BRENDA M. GREEN
                ASSISTANT UNITED STATES ATTORNEY