**FILED**

UNINTED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

U.S. DISTRICT COURT
BRIDGEPORT, CONN

CLAUDIOUS W. CHANNER

    Plaintiff,

    vs.          Civil No.  3:01CV876 SRU

IMMIGRATION AND NATURALIZATION SERVICE
AND LESLIE E. BROOKS

    Defendants.

_____/


### PETITIONER REPLY TO RESPONDENT OPPOSITION

NOW COMES the above named Petitioner who is presently incarcerated, respectfully move this honorable Court to entertain the Petitioner Writ of Habeas Corpus now and not later.

On February 20, 2004 Respondent filed a Motion claiming that the Petitioner res-judicata claim is not ripe for judicial review. In addition, Respondent asserted that the Petitioner did not challenge his final order of removal but instead challenge his current detention by the State of Connecticut.

The Petitioner is acting pro-se and his Writ should be liberally construed and held to a less stringent standard. See Haines v. Kerner, 404 U.S 519 (1972).    The Petitioner made it clear in his brief that he was challenging I.N.S removal order.

The Court states that Respondent ordered the Petitioner deported twice during his fifteen years of imprisonment. The Petitioner was ordered deported on February 7, 1994 and subsequently ordered deported on April 16, 1999. The Petitioner is asserting that the Service April 16, 1999 order violated his claim preclusion and res-judicata rights. See Interoceania Corp. v. Sound Pilot INC., 107 F.3d 86, 90 (2nd Cir. 1997); Pre Hannis INC v. Boeing Co. 700 F.2d 894, 896, (2nd Cir. 1983) and Mahana v. BankAmerica Corp. 128 F.3d 94, (2nd Cir. 1997). Federated Dept Store Inc v. Moitie, 452 U.S 394, 398 (1981).

Under Federal law the doctrine of res-judicata or claim preclusion provide that (a) final judgment on the merit of an action precludes the parties from relitigate issues that were or could have been raised in a previous action. Here this court can take judicial notice of the Government 1994 proceeding in Oakdale Louisiana where the Service rendered a final judgment on the Petitioner first deportation proceedings.

The Government had at his disposal a copy of the Petitioner's state judgment of conviction on the alleged robbery charge that is in question. The proceeding at Oakdale Louisiana alos made reference to the State of Connecticut judgment and the fact that the Petitioner had a detainer in his I.N.S files.

Approximately four years later the Service initiated a successive prosecution against the Alien for a second time. The Government successive porsecution has caused the Petitioner and his citizens family excessive hardship.

-2-

The Petitioner children have been in and out of homeless shelter due to the Petitioner incarceration and helpness to his children. The Petitioner was recently voted to parole but due to the Service detainer the Petitioner is unable to receive a Halfway House or level two custody. An Inmate who is voted to parole is eligible for the above privileges, once he is within eithteen months of his release date.

The Petitioner is within eighteen months of his release date but due to the I.N.S datainer the DOC is refusing to grant the Petitioner any form of release program. Presently the DOC Parole Board issued a Moratorium which call for the deferral of all parole hearing for Aliens.

The DOC claimed that the I.N.S is refusing to acquire custody of Alien prisoners immediately upon their parole and causing a overcrowding in the State prison. Wherefore, until the I.N.S decided to take custody of Alien immediately after they are parole. The DOC will not issue any hearing or release to Alien.

The Government claimed that the Petitioner res judicata claim is not ripe for judicial review. That claim is meritless. See Simmons, 326 F.3d 351 (2nd Cir. 2003), there the Court articulated that an Alien challenging his deportation while he is in state custody is properly before the District Court for Habeas Corpus jurisdiction.

The Respondent conceded that there exist technical custody for the purpose of a Habeas Corpus. According to the Government, an Alien who has a final order of removal issued against him while he is still serving a State sentence, can move to challenge his order of removal.

For these reasons stated herein, Petitioner ask that the Court entertain the Writ and order the Government to respond to the Petitioner claim preclusion issue.

The Appellate court instruct the Petitoner to file a new Writ when this issue is ripe. Petitioner ask that the Court state when this issue is ripe according to the Appellate Court order.

Respectfully submitted

_____
Claudious W. Channer
P.O. BOX 100
Somers, Ct 06071

CERTIFICATE OF SERVICE

I hereby certify that a true copy was mailed to Assistant United State Attorney Brenda Green, PO. BOX 1824 New Haven, Ct 0651 on this 9 day of March 2004

Respectfully submitted

_____
Claudious W. Channer
PO. BOX 100
Somers, Ct 06071